UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KATRINA L. WEBSTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-cv-2716 (APM) |
| CARLOS DEL TORO, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

**I.**

Pro se Plaintiff Katrina Webster, a Black woman, was employed in 2017 as a secretary with the U.S. Navy's Strategic Systems Programs ("SSP"). Compl., ECF No. 1, ¶ 12 [hereinafter Compl.]. On September 18, 2024, she filed this action against Defendant Secretary of the Navy Carlos Del Toro in his official capacity, asserting various discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–16. Although it is difficult to determine the precise nature of Plaintiff's claims, she seems to allege that Defendant engaged in (1) disparate treatment based on her race when SSP failed to promote her in 25 years of employment, *see* Compl. ¶ 53; (2) retaliation based on her employer's disclosure of her protected Equal Employment Opportunity ("EEO") activity *id.* ¶ 63; (3) race discrimination based on that disclosure, contractor Richard Garland calling her "trouble," and her lack of promotion, *id.* ¶ 70; and (4) harassment based on retaliation-by-disclosure and the fact that Defendant's May 1, 2018, anti-harassment policy statement failed to effectively communicate EEO policies and procedures, *id.* ¶ 76.

Defendant has now moved to dismiss. *See* Def.'s Mot. to Dismiss, ECF No. 4, Def.'s Mem. of P. & A. in Supp. of Def.'s Mot., ECF No. 4-1 [hereinafter Def.'s Mem.]. For the reasons that follow, the court grants Defendant's motion.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept a plaintiff's factual allegations as true and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)); Fed. R. Civ. P. 12(b)(6). "[A] pro se plaintiff's complaint must be held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Spence v. U.S. Dep't of Veterans Affs.*, 109 F.4th 531, 537–38 (D.C. Cir. 2024) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)).

## III.

### A.   Counts I, III, & IV

Defendant contends that Plaintiff's claims are barred by res judicata. Def.'s Mem. at 6–10. The court agrees as to Counts I, a portion of III, and IV. "Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has

been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Porter v. Shah*, 606 F.3d 809, 813–14 (D.C. Cir. 2010) (quoting *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (en banc)).

Plaintiff previously litigated her disparate treatment claim (Count I) in *Webster v. Braithwaite*, No. 20-cv-0610 (DLF), 2020 WL 7340058, at *3–4 (D.D.C. Dec. 14, 2020), *aff'd in part sub nom. Webster v. Del Toro*, No. 21-5040, 2021 WL 6102269 (D.C. Cir. Dec. 15, 2021), *and aff'd as modified sub nom. Webster v. Del Toro*, 49 F.4th 562 (D.C. Cir. 2022). There, Plaintiff alleged that she suffered retaliatory action when she was not promoted, "forcing her to remain in [a] low grade Secretarial position for more than 21 years." *Id.* at *3 (alteration in original). The court dismissed that claim on res judicata grounds. *Id.* The claim here arises out of the same common nucleus of facts, *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004), as Plaintiff alleges that Defendant "failed to promote [her] in 25 years of employment with SSP," Compl. ¶ 53. While in *Braithwaite* she styled her claim as one of retaliation, that is of no moment, as both the earlier claim and the present one rest on the same alleged facts and the earlier claim was litigated to final judgment, 2020 WL 7340058, at *5. *See Capitol Hill Grp.*, 569 F.3d at 490 (stating that "there is an identity of the causes of action when the cases are based on the same nucleus of facts because it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies") (internal quotation marks and citation omitted).[1]

Plaintiff likewise litigated the same harassment claim (Count IV) in *Webster v. Braithwaite* based on the Navy's antiharassment policy statement. The D.C. Circuit affirmed the district court's holding that Plaintiff failed to state a harassment claim, 2021 WL 6102269, at *1, which satisfies

---

[1] Plaintiff does not contest that the court was one of competent jurisdiction. *See generally*, Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 11.

the "final judgment on the merits" element. Her harassment claim is thus barred by claim preclusion. To the extent this claim relies on a retaliation-by-disclosure theory, Plaintiff has failed to exhaust it, *see infra*.

Finally, Count III alleges "race discrimination" based on the disclosure of her EEO activity, the failure to promote, and repeatedly being called "trouble" by Richard Garland. Compl. at 24–25. The court assumes each of these are discrete claims of disparate treatment, as Plaintiff has not asserted a hostile work environment claim. The court already has held that the failure-to-promote theory is barred by res judicata. So, too, is the "trouble" theory, as the court in *Braithwaite* held that such an allegation, along with others, could not sustain a hostile work environment claim, *see* 2020 WL 7340058, at *4. *See Capitol Hill Grp.*, 569 F.3d at 490.[2]

**B.     Counts II & III**

As to Plaintiff's remaining claims, she has failed to exhaust Count II and that portion of Count III that focuses on the disclosure of her EEO activity. Title VII requires a federal employee to "timely exhaust [] administrative remedies before bringing their claims to court." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). The D.C. Circuit affirmed the dismissal of her retaliation-by-disclosure claim on failure-to-exhaust grounds. *Webster*, 49 F.4th at 569. Since then, Plaintiff has not cured the failure to exhaust, nor does she purport to rely on a different EEO complaint. *See* Compl. at 20–24 (relying on complaint No. 17-00030-01579); *cf.* 2020 WL 7340058, at *3 n.3. These claims are thus dismissed for failure to exhaust.

---

[2] That Garland called her "trouble" also fails to state a claim of disparate treatment.

## VI.

Accordingly, Defendant's motion to dismiss, ECF No. 7, is granted. A final appealable order accompanies this Memorandum Opinion.

Dated: September 30, 2024

Amit P. Mehta
United States District Court Judge